November 14, 1904.

————o————

## No. 3526.

### (Court of Appeal, Parish of Orleans.)

### JAMES D. BECK vs. MARYLAND CASUALTY CO.

The issues of act herein depend for their solution, not on the credibility of witnesses, but on an appreciation of their testimony.

Appeal from Civil District Court, Division "E."

Chas. Louque, for Plaintiff and Appellee.

P. M. Milner, for Defendant and Appellant.

DUFOUR, J. The defendant issued to plaintiff a health

16

policy guaranteeing a weekly allowance in case the assured should suffer from certain enumerated diseases, pneumonia in the number.

This suit seeks to recover such allowance, and the issue of fact is presented: did plaintiff have pneumonia?

Dr. Hincks, who had been Beck's physician for many years, treated him during the illness in question, which lasted from the middle of December to the beginning of February.

He first diagnosed the disease as la grippe or influenza, but three or four days later pronounced it bronchial pneumonia. He does not state satisfactorily what examination he made, and his testimony as a whole warrants the conclusion that the lungs proper, i. e., the air cells or the tubes were not affected. He appears to have called the ailment "bronchial pneumonia," because the termination of the bronchial tubes was affected. Dr. Fortier, the defendant's physician, examined the patient on December 23rd, about four or five days after Dr. Hinck's second diagnosis. In his report to the company he diagnosed the disease as "bronchial asthma"; in his testimony he calls it bronchitis, which is frequently associated with asthma, owing to the congested condition of the tubes. He says his examination showed that the plaintiff did not then have pneumonia, and that there was no indication of his having recently had it. The physical examination was according to modern methods, by percussion and auscultation, "the palpitation, inspiration and all that, and then listening to the character of the respiration, determining the presence of rales." The lungs, he insists, were not affected in any manner. See Wood's Practice of Medicine, Vil. 2, p. 11.

The rule of law is that the value of the opinions of physicians and other experts depends upon a statement of the facts upon which such opinions are based. 5 La. 227.

According to medical authority, pneumonia is an *inflammation of the substance of the lungs,* and broncho-pneumonia is so

17

rarely observed in adults or even in children over the age of six that it is emphatically entitled the *pneumonia of infancy.*

Nowhere do we find any warrant for the theory that pneumonia can exist unless the inflammation extends to the lungs, however low it may extend in the bronchial tubes.

The most that can be said is that broncho-pneumonia may be the result of antecedent bronchitis.

Pneumonia is liable to be confounded with bronchitis, and it is in cases of bronchitis extending to the minute ramifications of the bronchia, that the greatest resemblance is presented to pneumonia. "The expectoration, in bronchitis," though sometimes streaked with blood, never has the extremely viscid and rusty character of the sputa of pneumonia.

See Encyclopeda Britanica, Vol. 19, 9th Ed.; Wood's Practice of Medicine, Vol. 2, p. 20, p. 16.

Neither the testimony of the trained nurses in attendance, nor their chart marking the course of varying stages of the malady, shows the presence of viscid and rusty sputa.

In view of the conflict of testimony, we are unable to say that the plaintiff has made out a case with legal certainty.

Judgment reversed and plaintiff's demand rejected as in case of non-suit at his cost in both Courts.